UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BLACKIE'S RENTAL TOOL & SUPPLY
CO., INC.
                                                                              CIVIL ACTION

VERSUS
                                                                              NO. 12-379-JJB

PALADIN PETROLEUM III, L.L.C.

**<u>RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

This matter is before the Court on Blackie's Rental Tool & Supply Co., Inc.'s ("Blackie's) motion for summary judgment. (Doc. 17). Defendant Paladin Petroleum III, L.L.C. ("Paladin") has filed an opposition (Doc. 22), to which Blackie's has filed a reply. (Doc. 25). Paladin has filed a supplemental memorandum in further opposition. (Doc. 31). Oral argument is not necessary. For the reasons herein, the Court DENIES Blackie's Motion for Summary Judgment. (Doc. 17).

I.

Blackie's filed this action seeking recovery under Louisiana's Open Accounts statute, La. R.S. 9:2781. Paladin rented a swivel, a crossover, and other related oil and gas equipment for use in its oil and gas operations at a well in Franklin Parish, Louisiana. (Doc. 17-4). Paladin has not yet paid the balance due on the account and the amount due is in dispute. Blackie's claims that when Paladin rented the equipment, the parties understood that the equipment would "remain there indefinitely," until Paladin requested that Blackie's retrieve the equipment. (Doc. 17-3 at 7). Blackie's further contends that the parties agreed that Paladin would pay interest on the amount billed if the invoices were not paid in 30 days. Blackie's asserts that it is undisputed that Paladin agreed to pay an interest rate of 1 ½% per month on any past due accounts and

1

reasonable attorney's fees, and points to language located in the fine-print in the Delivery and Receiving Memorandum ("Memorandum"). (Doc. 17-1 at 9). Blackie's argues that Paladin owes $103,506.34, which represents past due rental charges for the months of November 2011 to December 2011, plus attorneys' fees.

In opposition, Paladin argues that the purported amount due is incorrect because it is based on the "entire thirty-one (31) days the equipment was at the well site." (Doc. 22 at 2). However, Paladin's asserts that the parties agreed that Blackie's would charge Paladin only for the days when the equipment was actually used at the site. Paladin's points to the affidavit of Kenneth Newsom ("Newsom"), the drilling consultant hired by Paladin, who contacted Blackie's to rent equipment. (Doc. 22-1). Newsom attests that he spoke with Shannon Hunley ("Hunley"), a Blackie's sales representative, who verbally informed Newsom that Paladin would be billed for the days that the equipment was used. According to Newsom, Newsom was expected to log the days that the equipment was actually used and Blackie's would submit an invoice based on that information. Newsom attests that the equipment was used for 19 days at the site. Newsom further attests that he has rented equipment from Blackie's on approximately ten other occasions and Blackie's billed only for the days that the equipment was actually used at the site. Paladin asserts that this conflicting evidence concerning billing constitutes a genuine dispute of material fact.

Paladin also asserts that the Louisiana Open Account Statute is inapplicable because there is a dispute as to how much is owed. "When any person fails to pay an open account within thirty days after the claimant sends written demand . . . correctly setting forth the amount owed, that person shall be liable . . . for reasonable attorney

2

fees . . . ." La. R.S. 9:2781(A). Because the demand is for $103,506.34, Paladin claims that this does not correctly set forth the amount owed.

Finally, Paladin argues that Blackie's assertion that Paladin owes interest and attorneys' fees based on the fine-print language in the Memorandum is incorrect. Paladin asserts that under Louisiana law, "a printed statement on the bottom of a delivery ticket or invoice providing for interest and attorney fees, in case of default, [does] not constitute a written agreement to pay which could support an award of interest and attorney fees." *Advance Polybag, Inc. v. LTD Packaging Corp.,* 1992 WL 125316 *2 (E.D. La. 1992). "[A] signature by the receiver of the ticket or invoice merely acknowledges receipt of the goods, absent a showing that the buyer knew or should have known of that statement." *Id.* Paladin argues that there is no evidence that Paladin knew or should have known of the provision in the Memorandum, nor is there evidence that anybody from Paladin even signed it.

In reply, Blackie's asserts that Paladin "admits that it owes the majority of the amount claimed," and the only fact in dispute is whether the agreement required Paladin to pay for 31 days or for the days that the equipment was actually in use. Blackie's claims that it is uncontested that Paladin owes rental payments for 19 days because, according to Newsom's affidavit, the swivel and the related equipment were used for 19 days. (Doc. 25). Thus, Blackie's argues that this Court should enter summary judgment in the amount of $67,086.34. Blackie's arrives at this figure by performing the following calculation:

| | |
|---|---|
| Amount Claimed to be due by Blackie's: | $103,506.34 |
| Less 12 days at $3,000.00/day for swivel: | -$36,000.000 |
| Less 12 days at $35.00/day for IF Box: | -$420.000 |
| Undisputed principal balance: | $67,086.34 |

3

Blackie's asserts that it is therefore undisputed that $67,086.34 is due and thus, the Court should either grant partial summary judgment to this material fact or pursuant to Rule 56(g) of the Federal Rules of Civil Procedure "enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

Moreover, Blackie's argues that Paladin's argument that it does not owe interest and attorneys' fees based on the fine-print language in the Memorandum is without merit. Blackie's argues that while a contract of sale is a completed contract, a contract of lease is not. Blackie's asserts, without citing any law, that a lease agreement is not finalized and any terms and conditions at the beginning of the lease "does not result in the unilateral modification of an already completed contract." (Doc. 25 at 5). Blackie's argues that the Memorandum was delivered to Newsom and there is no evidence that Newsom was unaware of the contents of the Memorandum. Thus, Blackie's asserts that there is no genuine dispute of material fact and summary judgment is appropriate.

In Paladin's supplemental opposition, Paladin objects to Blackie's contention that the uncontested principal amount due is $67,086.34 because Invoice No. 701761 was in the amount of $64,103.50. This alone, Paladin asserts, shows that there is a genuine issue of material fact. Additionally, Paladin reiterates its position that the invoice is not evidence that Paladin agreed to pay attorney's fees or interest, and Blackie's argument attempts to distinguish well-settled Louisiana law. "[I]t has been universally held that a printed statement on the bottom of a delivery ticket or invoice providing for interest and/or attorney's fees does not constitute a written agreement to pay interest or

4

attorney's fees." *McJunkins Tire Center, Inc. v. Barnhill*, 488 So.2d 1048, 1050 (La. App. 2 Cir. 1986). "The same conclusion holds true even where the invoices or delivery tickets containing these provisions are signed by the receiver of the materials." *Id.* at 1051.

## II.

The Court finds that there is a genuine issue of material fact regarding whether the agreement between the parties was that Blackie's would charge Paladin for the days that Paladin actually used the equipment or whether the agreement was that Blackie's would charge Paladin for the duration of the rental period, regardless of whether Paladin actually used the equipment. The Court further finds that there is a genuine issue of material fact regarding whether Paladin knew or should have known that it would be assessed interest and attorney's fees based on the Delivery and Receiving Memorandum. Thus, summary judgment is not appropriate on these two issues.

However, the Court does find that it is uncontested that Paladin owes for 19 days worth of equipment and Paladin therefore owes Blackie's this amount. The Court finds that Paladin owes Blackie's $64,172.79.

In Blackie's' motion for summary judgment, Blackie's states that Paladin owes $103,506.34, plus interest. Invoice No. 701752, which carries a balance of $40,405.53, represents 12 days worth of use for the use of the swivel and IF Box and Invoice No. 701761, which carries a balance of $64,103.50, represents 19 days worth of use for the swivel and the IF Box.  However, the affidavit of Shannon Hunley, Blackie's representative, provides that the balance on Invoice No. 701761 has been reduced by

payments and/or credits in the amount of $1,002.69. (17-1 at 6). Thus, the undisputed principal balance due on Invoice No. 701761 is $63,100.81. Blackie's contends that the combined balances of $63,100.81 and $40,405.53, which total $103,506.34, represent what Paladin owes.

However, the genuine issue of material fact stems from the 12 days worth of charges on Invoice No. 701752. The Court notes that there are several other charges listed on both Invoices that neither party addresses, such as charges for safety cables, shackles, and clamps. Because the only issue that the parties present is whether Paladin owes for 19 days worth of use or 31 days worth of use, the Court assumes that the other charges are not in dispute. These charges are as follows:

<u>Invoice No. 701752</u>

| | |
|---|---|
| 1 Safety/Torque Line Cable: | $528.85 |
| 1 Turnbuckle & 3 Cable Clamps: | $313.96 |
| 2 Shackles: | $149.76 |
| Total Amount Due: | $992.57 |

Thus, the total uncontested amount due from Invoice No. 701752 (which carries the 12 days worth of charges that are contested) is $992.57. The Court recognizes that Invoice No. 701752 also carries a sales tax of 8.00%. Assuming that the items 3 listed items are taxed at this rate, the applicable sales tax is $79.4056. The undisputed balance from Invoice No. 701752 is $1,071.98.

Thus, pursuant to Rule 56(g) of the Federal Rules of Civil Procedure, the Court finds that $64,172.79 (the combined balances of $1,071.98 and $63,100.81) is not genuinely in dispute. Paladin owes Blackie's $64,172.79.

III.

Accordingly, Blackie's Motion for Summary Judgment is DENIED. (Doc. 17).

Signed in Baton Rouge, Louisiana on February 26th, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　**JAMES J. BRADY, DISTRICT JUDGE**
　　　　　　　　　　　　　　**MIDDLE DISTRICT OF LOUISIANA**